The undersigned respectfully dissents from the Opinion and Award of the majority finding that plaintiff suffers from a compensable occupational disease. I disagree with the majority's finding that the testimony of Dr. McFarlane and Dr. Dalldorf should be given more weight than that of Dr. Edwards. Dr. Edwards is board certified in orthopedic surgery and hand surgery, and commonly treats Dupuytren's contractures. In fact, Dr. Edwards actually performs two Dupuytren's surgeries approximately every three weeks.
Dr. Edwards testified that for a job function to contribute to Dupuytren's, evidence would have to be presented that a particular type of trauma results from the activity such as lacerations or bruises. No such evidence has been presented in the case at hand. In fact, plaintiff also suffers from Dupuytren's Diathesis, which involves the soles of the feet. Dr. Edwards testified that the presence of Dupuytren's on plaintiff's feet strengthens his belief that manual labor did not cause plaintiff's condition.
I believe that Dr. Edwards' testimony should be given greater weight as he is the expert most qualified to give his opinion as to the complex issue of causation in this case. Further, I believe that the testimony of Dr. McFarlane and Dr. Dalldorf are insufficient to prove causation under Holley v. Acts,357 N.C. 228, 581 S.E.2d 750 (2003).
Plaintiff has failed to prove by the greater weight of the competent medical evidence that his condition was caused by his employment. Accordingly, I dissent.
This the ____ day of April, 2006.
 S/____________ BUCK LATTIMORE CHAIRMAN